The PEOPLE of the State of Colorado, Complainant,

v.

ATTORNEY A., Attorney–Respondent.

No. 93SA132.

Supreme Court of Colorado, En Banc.

Oct. 18, 1993.

Rehearing Denied Nov. 22, 1993.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

William R. Gray, Boulder, for attorney-respondent.

PER CURIAM.

In this attorney discipline proceeding, the assistant disciplinary counsel has filed a Petition for Review Pursuant to C.R.C.P. 241.15(b)(1) and (c).[1] The respondent was charged by formal complaint with professional misconduct that violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of the hearing panel in dismissing the complaint, with references to the record supporting the petitioner's position. The petition must be accompanied by a full transcript of the hearing before the hearing board, prepared at the petitioner's expense....

(c) **Plenary Power of the Supreme Court.** The Supreme Court reserved the authority to review any determination made in the course of a disciplinary proceeding and to enter any order with respect thereto, including an order directing that further proceedings be conducted as provided by these Rules.
(Emphasis added.)

---

1. C.R.C.P. 241.15 provides in part:

(b) **Hearing Panel....**
At the conclusion of its review of the matter, the hearing panel shall:
(1) Determine that the complaint is not proved and order the complaint dismissed; *provided, however, that any person who has filed a complaint or made allegations against the respondent and who desires to have the matter of the dismissal of the complaint reviewed by the Supreme Court may petition the Supreme Court for such review.* The petition shall state with particularity the facts which the petitioner believes were overlooked or misapprehended by

justice), and DR 7–109(B) (a lawyer shall not advise or cause a person to secrete himself or to leave the jurisdiction of a tribunal for the purpose of making himself unavailable as a witness). A hearing board conducted a hearing on January 21, 1993, and concluded that the assistant disciplinary counsel failed to prove by clear and convincing evidence that the respondent's conduct violated either DR 1–102(A)(5) or DR 7–109(B). The board recommended that the complaint filed against the respondent be dismissed.

On April 17, 1993, a hearing panel of the Supreme Court Grievance Committee, with three members dissenting, approved the board's findings, including the recommendation that the complaint be dismissed, but added the recommendation that the respondent be issued a "cautionary letter." The dissenting panel members would have found that the respondent's conduct violated DR 1–102(A)(5). We issued a rule to show cause why the petition for review should not be granted and why the order of the hearing panel dismissing the complaint should not be reversed. We now make the rule absolute.

I

As found by the hearing board, a client retained the respondent to represent her for a driving under the influence of alcohol (DUI) charge, following her arrest on November 17, 1988. Based on the client's refusal to submit to a blood-alcohol test at the time of arrest, a license revocation hearing was scheduled at the Department of Motor Vehicles (DMV) for March 3, 1989.

If, as a result of the hearing, the respondent's client's license were revoked for refusing to take a blood-alcohol test, she would have been denied the right to drive for one year. Sections 42–2–122.- 1(1.5)(a)(II), -(5)(b)(III), 17 C.R.S. (1984 & 1988 Supp.).[2] On the other hand, if the respondent's client's license were revoked for a point suspension following conviction for DUI, she would have had the opportuni-

ty to seek a provisional license. Respondent's client was concerned about the potential loss of her driving privileges and its impact on her ability to commute to work.

On March 2, 1989, the respondent telephoned one of the arresting officers, Officer Ferguson of the Louisville Police Department. The respondent explained that his client would in all likelihood lose her job if her license were revoked and asked Ferguson if she would consider not appearing at the revocation hearing. Ferguson was angered by the suggestion, but told the respondent that she was not scheduled to appear at the revocation hearing.

The respondent then telephoned Officer Atkinson, who tape-recorded the conversation without the respondent's knowledge. The respondent asked Atkinson if he had received a subpoena or the standard notice of the revocation hearing. When told that Atkinson had received a notice of the hearing, the respondent asked Atkinson if he would consider withholding his testimony by not appearing at the revocation hearing. The hearing board determined that if the police officer failed to appear, the revocation matter would be dismissed. The respondent also told Atkinson that, in exchange for Atkinson's cooperation of withholding his testimony by failing to appear at the revocation hearing, the respondent's client would plead guilty to the originally charged offense of DUI, rather than the lesser offense of driving while ability impaired (DWAI) that had already been offered by the deputy district attorney in the pending county court criminal case. The respondent stated that he had made a similar arrangement in a prior case and he suggested that Atkinson talk with his chief about the respondent's proposal. Officer Atkinson, however, refused to consider the arrangement. He appeared at the revocation hearing and the respondent's client's license was revoked.

Although Atkinson had received a notice of hearing for the revocation hearing, he had not received a subpoena. The parties

---

**2.** References in this opinion to the license revocation statute are to the version in effect at the time of the driving offense and hearing in this case.

stipulated that the notice of hearing is not a subpoena as contemplated by either § 13–90–111, 6A C.R.S. (1987) (which allows district courts of this state to issue subpoenas to witnesses residing in Colorado to attend depositions authorized by courts of record outside the state), or § 16–9–101, 8A C.R.S. (1986) (in every criminal case, the prosecution and the defendant have the right to compel the attendance of witnesses by service of a subpoena). For the purpose of this opinion we will accept this characterization, as did the hearing board. The notice of hearing was sent to the respondent's client and a copy of the notice was sent to Officer Atkinson. In pertinent part, the notice stated, "[Officer Atkinson] is required to appear at the hearing."

The board found that because Atkinson had not been served with a subpoena to attend the hearing, but had only received a notice of hearing, and since the respondent's proposals had been in the nature of plea negotiations, the assistant disciplinary counsel had failed to prove by clear and convincing evidence that the respondent had violated DR 7–109(B) (a lawyer shall not advise or cause a person to secrete himself or to leave the jurisdiction of a tribunal for the purpose of making himself unavailable as a witness).[3] For the same reasons, the hearing board found that the assistant disciplinary counsel had failed to establish a prima facie case that the respondent violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice). The board therefore recommended that the complaint be dismissed, and the hearing panel dismissed the complaint.

## II

The assistant disciplinary counsel has petitioned for review of the panel's action approving the board's findings and recommendation, and has asserted that the evidence was sufficient to prove a violation of DR 1–102(A)(5). We agree.

There is no legal authority in Colorado, statutory or otherwise, for a police officer to plea bargain alcohol-related traffic offenses in the manner attempted by the respondent here. Even assuming, arguendo, that police officers possess the authority to engage in plea negotiations in certain traffic matters, the General Assembly has foreclosed such plea-bargaining in license revocation proceedings for failure to submit to a chemical test.

Section 42–2–122.1, 17 C.R.S. (1984 & 1988 Supp.), in effect at the time of the respondent's client's arrest and refusal, governed the revocation of driver's licenses based on administrative determinations. That statute did not grant to police officers the authority to absent themselves from the revocation hearing after they had been sent a notice of hearing, whether or not the notice has the same force and effect of a subpoena.[4] The purposes of the license revocation statute are stated in section 42–2–122.1(1):

(a) To provide safety for all persons using the highways of this state by quickly revoking the driver's license of any person who has shown himself to be a safety hazard by driving with an excessive amount of alcohol in his body *and any person who has refused to submit to an analysis as required by section 42-4-1202(3)*;

(b) To guard against the potential for any erroneous deprivation of the driving privilege by providing an opportunity for a full hearing;

(c) Following the revocation period, to prevent the relicensing of any person until the department is satisfied that his alcohol problem is under control and that

---

**3.** Since the assistant disciplinary counsel's petition does not contest the board's finding with respect to DR 7–109(B), we do not address that conclusion in this opinion.

**4.** The extent of the duty of a law enforcement officer to appear at a license revocation hearing is now governed by § 42–2–122.1(7)(e)(II), 17 C.R.S. (1993). This subparagraph was added to the statute after the alcohol-related offense and revocation hearing in this case and therefore did not apply to that proceeding.

he no longer constitutes a safety hazard to other highway users.

Section 42–2–122.1(1), 17 C.R.S. (1988 Supp.) (emphasis added). To these ends, the statute further provided:

> (1.5)(a) The department shall revoke the license of any person upon its determination that the person:
>
> . . . .
>
> (II) Refused to submit to an analysis of his blood, breath, saliva, or urine as required by section 42–4–1202(3).

Section 42–2–122.1(1.5)(a), 17 C.R.S. (1988 Supp.). The issue in the license revocation hearing was "whether the person refused to submit to an analysis of his blood, breath, saliva, or urine as required by section 42–4–1202(3)." Section 42–2–122.1(8)(c), 17 C.R.S. (1988 Supp.). The license revocation proceeding is completely separate from the criminal case, and the respondent's attempt to link the two was inappropriate. Given the obvious and mandatory purposes of the license revocation statute, it was unreasonable for the respondent to conclude that he could evade those purposes by asking the police officers not to appear at the hearing under the guise of plea bargaining.[5]

Whether it was intended to be secret or not, the respondent's request was calculated to cause the suppression of relevant evidence at the revocation hearing in a manner not authorized by statute or other law. It was therefore prejudicial to the administration of justice, contrary to DR 1–102(A)(5). We conclude, therefore, that the hearing panel and hearing board erred, as a matter of law, in determining that the respondent's conduct did not violate DR 1–102(A)(5).

### III

Accordingly, we make the rule absolute and grant the petition for review. We reverse in part the order of the hearing panel dismissing the complaint and order that the complaint be reinstated and find that the assistant disciplinary counsel has proven, by clear and convincing evidence, that the respondent's conduct violated DR 1–102(A)(5). We send this matter back to the hearing panel and instruct the panel to remand the matter to the hearing board for further proceedings regarding the appropriate disciplinary sanction.[6]

---

5. See the summary of *People v. Attorney M.* contained in *1985 Annual Report of the Colorado Supreme Court Grievance Committee*, 15 Colorado Lawyer 767, 783 (May 1986). Attorney M. was privately censured for contacting the police officer who had arrested the respondent's client for DWAI, and suggesting that the officer either not appear for the implied consent driver's license revocation hearing or testify at the hearing that he had not read the implied consent advisement to the client. The court approved Attorney M.'s conditional admission that the conduct violated DR 1–102(A)(5) and (6) (conduct that adversely reflects on the lawyer's fitness to practice law).

6. We note that the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp.1992) (ABA *Standards*), provide that, in the absence of aggravating or mitigating factors, "[s]uspension is appropriate when a lawyer knows that he is violating a court order or rule, and there is ... interference or potential interference with a legal proceeding." ABA *Standards* 6.22. On the other hand, public censure "is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes ... interference or potential interference with a legal proceeding." *Id.* at 6.23. Finally, a private censure is warranted when "a lawyer engages in an isolated instance of negligence in complying with a court order or rule, and causes ... little or no actual or potential interference with a legal proceeding." *Id.* at 6.24.