The PEOPLE of the State of
Colorado, Complainant,

v.

Raul Napoleon RODRIGUEZ,
Attorney–Respondent.

No. 94SA461.

Supreme Court of Colorado,
En Banc.

Jan. 30, 1995.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Asst. Disciplinary Counsel, Denver, for complainant.

Michael D. Gross, Colorado Springs, for attorney-respondent.

## PER CURIAM

This lawyer discipline proceeding comes to us on a stipulation, agreement, and conditional admission of misconduct between the Office of Disciplinary Counsel and the respondent.[1] C.R.C.P. 241.18. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation and recommended that the respondent be suspended from the practice of law for ninety days, be required to petition for reinstatement under C.R.C.P. 241.22(b)-(d), and be assessed costs. We accept the stipulation and the inquiry panel's recommendation.

I.

The parties stipulated to the following facts and violations of the Code of Professional Responsibility.

A.

On August 1, 1990, Wild Creek Oil Company, a Nevada corporation, entered into a contract for the sale of its controlling block of securities to Alta Investment Company. Wild Creek's majority stockholder, its president, and Alta's principal, Oliver D. Wright,

1. The respondent was admitted to the bar of this court on October 1, 1971, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

met with the respondent who agreed to assist the parties in the completion of the merger and acquisition, and to do a securities registration for the surviving company, to be called Newco. The respondent wrote a letter to Wright accepting the representation and outlining the fee arrangement. Wright, and Wild Creek's president, on behalf of Wild Creek, signed the agreement. Wild Creek paid the respondent a $2,000 retainer on October 10, 1990. Nevertheless, the parties have stipulated that the evidence will show that the respondent believed that only Wright was his client.

Wright advised the respondent in late October 1990 that he did not intend to complete the merger. The respondent assisted Wright in meeting with another corporation interested in merging with Alta. At the same time it learned of the meeting, Wild Creek found out that Wright did not intend to complete the merger with it. Wild Creek believed that it was also the respondent's client because it had been asked to sign the fee agreement and had paid the $2,000 retainer to the respondent.

The respondent has admitted that his failure to inform Wild Creek from the beginning that he was representing only Wright violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer). The assistant disciplinary counsel has stipulated that it cannot be established that the respondent's conduct caused actual harm to Wild Creek, even though Wild Creek subsequently obtained a post-answer default judgment awarding damages against the respondent in its action against him alleging negligence, breach of contract, and breach of fiduciary duty. According to the assistant disciplinary counsel, it also cannot be proven that the respondent violated DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(6) (conduct that adversely reflects on the lawyer's fitness to

practice); DR 5–105(A) (a lawyer shall decline proffered employment if the exercise of the lawyer's independent professional judgment on behalf of a client would be likely to involve him in representing differing interests); DR 7–101(A)(3) (intentionally prejudice or damage the client); or C.R.C.P. 241.6(4) (gross negligence), as charged in Count I the amended complaint.

B.

Wild Creek's lawyer wrote a demand letter to the respondent on December 18, 1990, seeking an accounting, the return of the $2,000 retainer, and eight million shares of Wild Creek stock the respondent held in escrow. The respondent wrote two letters to Wild Creek's lawyer claiming that the money was in a trust account, when the respondent knew it was not. In February 1991, the respondent sent a $2,000 check to Wild Creek's lawyer, drawn on the respondent's trust account. The check was returned for insufficient funds. The respondent sent a replacement check in the amount of $3,000, which was also returned for insufficient funds. The respondent's check for the $2,000 retainer eventually cleared his account on March 15, 1991. The respondent did not return the Wild Creek stock, however, until April 1991, a delay of almost four months.

The respondent stipulated that his conduct in writing the insufficient funds checks and his misrepresentations that the funds were in his trust account violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). Moreover, his failure to return the stock promptly violated DR 6–101(A)(3) (neglect of a legal matter).[2]

C.

In the civil action Wild Creek brought against the respondent, the respondent twice

**2.** The stipulation does not directly address the remaining allegations contained in Count II of the amended complaint—that the respondent violated DR 1–102(A)(5) (conduct prejudicial to the administration of justice); DR 1–102(A)(6) (conduct adversely reflecting on the lawyer's fitness to practice); DR 9–102(A) (all client funds to be deposited in one or more identifiable interest-bearing depository accounts); and DR 9–

102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive). The assistant disciplinary counsel believes, however, that the respondent had earned the $2,000 fee before its return was demanded, and thus "there was no ethical requirement that the fee be in the trust account."

failed to attend his own deposition which had been noticed and scheduled by Wild Creek's lawyer. In addition, the respondent failed to answer interrogatories propounded to him by the lawyer for Wild Creek. The respondent admitted that the above failures to engage in discovery violated DR 6–101(A)(3) (neglect of a legal matter). The trial court eventually entered a default judgment against the respondent when he failed to appear at trial. The parties indicate that this judgment was later discharged in bankruptcy.

### D.

The respondent sent a check dated September 14, 1992, to the Clerk of the Supreme Court for payment of his attorney registration fee. The check was drawn on the respondent's client trust account, and was returned for insufficient funds. The respondent later paid the registration fee in cash. Between June 4, 1991, and September 9, 1992, the respondent wrote at least nineteen checks on the trust account which were returned for insufficient funds. During the same time period, the respondent wrote checks on the trust account for purely personal expenses, for entertainment expenses, office operating expenses, and for other purposes not related to proper client trust fund activities. The respondent used the trust account as a personal account in which he deposited earned fees. The assistant disciplinary counsel indicates that "[o]nly on a handful of occasions is it provable that respondent also had client monies deposited in the account." While there was therefore commingling of client trust funds with the respondent's funds, the parties have stipulated that there was never any conversion of client funds and the funds were disbursed appropriately. The respondent admits that his writing of checks on the trust account when he knew or should have known that the checks would not clear the account violated

DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation). Further, the respondent violated DR 9–102(A) (all client funds to be deposited in one or more identifiable interest-bearing depository accounts) by commingling his personal funds with client funds in the trust account.

### E.

Finally, the respondent admits that in a separate matter he violated DR 5–105(B) (continuing multiple employment if the lawyer's independent professional judgment in behalf of a client will be or is likely to be adversely affected by the lawyer's representation of another client, or if it would be likely to involve the lawyer in representing different interests). He continued to represent an engineering corporation seeking a loan from a builder after he learned that the collateral for the loan, stock in a company which was another of the respondent's clients, was about to become worthless. The assistant disciplinary counsel has stated, however, that although the builder has not received sufficient collateral for the loan, the builder has not been harmed because the engineering corporation's payments on the loan have remained current.[3]

### II.

The inquiry panel approved the stipulation, agreement, and conditional admission of misconduct, including the recommendation that the respondent be suspended for ninety days and be required to undergo reinstatement proceedings. The parties point out that under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), the respondent's misconduct, taken singly, and in the absence of aggravating or mitigating circumstances, would warrant at most a public censure. *See, e.g.* ABA *Standards* 4.44 (private censure appropriate when lawyer's negli-

---

**3.** The assistant disciplinary counsel has also stipulated that Counts IX and XI of the amended complaint charging that the respondent participated in a conspiracy and engaged in dishonest behavior in collateralizing the loan between the engineering corporation and the builder should be dismissed. Moreover, the complainant represents that Count VII of the amended complaint

should be dismissed because it cannot be proven that the respondent engaged in dishonest conduct involving the manufacture of a fictitious shareholders list, and that the respondent's "technical breach of client confidence" did not rise to conduct subject to discipline as charged in Count VIII.

gence causes little or no actual harm); *id.* at 4.43 (public censure warranted when negligence causes injury or potential injury to client); *id.* at 5.13 (public censure appropriate for knowingly engaging in non-criminal dishonest conduct that adversely reflects on lawyer's fitness to practice); *id.* at 4.32 (suspension warranted when lawyer knows of conflict of interest and does not disclose the conflict and causes injury or potential injury to client); *id.* at 4.33 (public censure sufficient when lawyer is negligent in determining existence of conflict of interest and causes injury or potential injury to a client).

This case presents multiple instances of misconduct, and the respondent has substantial experience in the practice of law, both of which are aggravating factors. *Id.* at 9.22(d), (i). In mitigation, the assistant disciplinary counsel indicates that the respondent has not previously been disciplined, *id.* at 9.32(a); has cooperated fully with the Office of Disciplinary Counsel, *id.* at 9.32(e); and was impaired by alcohol abuse.

Considering the extent and the seriousness of the respondent's misconduct, a ninety-day suspension is somewhat lenient. We nevertheless conclude that the recommended discipline is adequate given the absence of prior discipline in twenty-three years of practice, and the requirement that the respondent demonstrate by clear and convincing evidence that he has been rehabilitated and is once again fit to practice law in order to be reinstated. *See* C.R.C.P. 241.22(b). *Cf. People v. C de Baca,* 862 P.2d 273, 275 (Colo. 1993) (neglect of client matter warrants ninety-day suspension with requirement of reinstatement proceedings where lawyer had extensive prior disciplinary history). We therefore accept the stipulation, agreement, and conditional admission of misconduct.

### III.

It is hereby ordered that Raul Napoleon Rodriguez be suspended from the practice of law for ninety days, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is further ordered that the respondent must comply with C.R.C.P. 241.22(b)-(d) before he may be reinstated. It is also ordered that the respondent pay the costs of this proceeding in the amount of $1,285.86 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

SCOTT, J., does not participate.