**The PEOPLE of the State of Colorado, Complainant,**

v.

**Steven Carl JANISZEWSKI, Attorney–Respondent.**

No. 95SA195.

Supreme Court of Colorado, En Banc.

Aug. 28, 1995.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Steven Carl Janiszewski, Glendale, pro se.

PER CURIAM.

The respondent in this lawyer discipline proceeding, and the assistant disciplinary counsel, entered into a stipulation, agreement, and conditional admission of misconduct. C.R.C.P. 241.18. An inquiry panel of the Supreme Court Grievance Committee approved the conditional admission and recommended that the respondent receive a public censure for contumacious conduct during the course of a jury trial. We accept the conditional admission and the inquiry panel's recommendation.

I

The respondent was admitted to practice law in Colorado in 1985. The respondent represented the alleged father in a paternity action filed in Denver County Juvenile Court. Before trial, the judge ruled certain testimony by a particular witness inadmissible because it was not relevant. Nevertheless, during trial, the respondent asked the witness a specific question designed to elicit testimony previously ruled inadmissible. The judge determined that the respondent's conduct was "in absolute and direct violation of a very specific court order."

The respondent then called his client to testify and asked him a question that also required an answer regarding inadmissible evidence. The trial judge admonished respondent outside the presence of the jury and rejected the respondent's explanation as to whether the testimony should be admitted. The trial judge determined that it was not possible that respondent understood he could introduce through his own client the very same evidence previously ruled inadmissible.

Moreover, during closing argument respondent made references to evidence ruled

inadmissible. The trial judge determined that the respondent's reference during closing argument to certain documents that had been ruled inadmissible was "a deliberate violation ... of the Court's order." Finally, the respondent, apparently inadvertently, mixed proposed jury instructions that had been denied by the trial court with the approved instructions. Those instructions were returned by the jury before deliberations.

The trial judge found the respondent in contempt for his actions during trial, and fined him $2,000. The respondent stipulated that his conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); DR 7–102(A)(2) (in representing a client, a lawyer shall not knowingly advance a claim or defense that is unwarranted under existing law); DR 7–106(C)(1) (in presenting a matter to a tribunal, a lawyer shall not state or allude to any matter the lawyer has no reasonable basis to believe is relevant to the case); DR 7–106(C)(2) (a lawyer shall not ask a question of a witness that the lawyer has no reasonable basis to believe is relevant to the case and is intended to degrade the witness or other person); and DR 7–106(C)(7) (a lawyer shall not intentionally or habitually violate any established rule of procedure or evidence).

## II

In approving the stipulation, the inquiry panel recommended that the respondent receive a public censure. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that in the absence of aggravating or mitigating circumstances, "[s]uspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding." *Id.* at 6.22; *see People v. Attorney A.,* 861 P.2d 705, 708 n. 6 (Colo.1993). On the other hand, a public censure is warranted when the lawyer's failure to comply with the court order is negligent. ABA *Standards* at 6.23; *Attorney A.,* 861 P.2d at 708 n. 6.

Given the findings of the trial court, at least a short period of suspension would therefore be appropriate. The assistant disciplinary counsel, however, states that a public censure is sufficient in this case given the fact that the respondent has not been previously disciplined in ten years of practice, and that his "conduct in this case appears to be an aberration of his normal course of conduct."

The misconduct in this case was a serious breach of the respondent's professional duty. However, weighing the seriousness of the violation against the mitigation, we agree that a public censure is appropriate.

## III

It is hereby ordered that Steven Carl Janiszewski be publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $49.02 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202, within thirty days after the announcement of this opinion.

KOURLIS, J., does not participate.