The PEOPLE of the State of Colorado,
Petitioner–Complainant,

v.

James C. WOLLRAB, Jr., Attorney–
Respondent.

No. 95SA239.

Supreme Court of Colorado,
En Banc.

Jan. 16, 1996.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Assistant Disciplinary Counsel, Denver, for Petitioner–Complainant.

William R. Gray, Boulder, for Attorney–Respondent.

PER CURIAM.

In this lawyer discipline proceeding, the assistant disciplinary counsel has filed a petition for review pursuant to C.R.C.P. 241.15(c). A hearing panel of the supreme court grievance committee approved a hearing board's recommendation that the respondent be issued a letter of admonition. The assistant disciplinary counsel asserted in the petition that a letter of admonition is too lenient given the misconduct and the respondent's disciplinary history. We issued a rule to show cause why the panel's recommendation of discipline should not be rejected. We now make the rule absolute and order that the respondent be and he hereby is publicly censured.

I

The assistant disciplinary counsel has filed a petition seeking review of recommended sanctions under C.R.C.P. 241.15(b)(1) and (c) regarding the conduct at issue in this case.[1]

1. C.R.C.P. 241.15 provides in part:

    **(b) Hearing Panel....**

    At the conclusion of its review of the matter, the hearing panel shall:

    (1) Determine that the complaint is not proved and order the complaint dismissed; *provided, however, that any person who has filed a complaint or made allegations against*

*the respondent and who desires to have the matter of the dismissal of the complaint reviewed by the Supreme Court may petition the Supreme Court for such review.* The petition shall state with particularity the facts which the petitioner believes were overlooked or misapprehended by the hearing panel in dismissing the complaint, with references to the rec-

This is the second petition filed by the assistant disciplinary counsel in this case.

The first petition resulted in our decision in *People v. Attorney A.,* 861 P.2d 705 (Colo. 1993), where we referred to the respondent under the pseudonym "Attorney A." The respondent was originally charged with professional misconduct contrary to DR 1–102(A)(5) (conduct prejudicial to the administration of justice) and DR 7–109(B) (a lawyer shall not advise or cause a person to hide or to leave the jurisdiction of a tribunal for the purpose of being unavailable as a witness). *Attorney A.,* 861 P.2d at 705–06. A hearing board found that the assistant disciplinary counsel had failed to prove that the respondent's conduct violated either disciplinary rule charged, and recommended that the complaint be dismissed. *Id.* at 706. On petition for review of the board's recommendation, however, we disapproved of its conclusion. Based on the record and facts not in dispute, we determined that the respondent had in fact violated DR 1–102(A)(5). As a result of our determination, which binds the hearing board, the case was returned to the hearing board for further proceedings regarding the appropriate disciplinary sanction. *Attorney A.,* 861 P.2d at 708.

On remand, the hearing board considered our finding of a disciplinary violation and recommended that the respondent receive a letter of admonition. By a second petition, the assistant disciplinary counsel excepted to that recommendation. It is that petition for review which is before us now; however, for background it is first necessary to briefly review the past history of this case.

## II

The facts underlying the respondent's misconduct were detailed in *Attorney A.,* 861 P.2d at 706–07. Briefly, a client hired the respondent to represent her on a driving under the influence of alcohol (DUI) charge. *Id.* at 706. Because she had refused to submit to a blood-alcohol test, a license revocation hearing was scheduled at the Department of Motor Vehicles (DMV) for March 3, 1989. *Id.* On March 2, 1989, the respondent telephoned one of the arresting officers, explained that his client would lose her job if her license were revoked, and asked if the officer would consider not appearing at the revocation hearing. Because that officer informed the respondent he was not scheduled to appear at the hearing, the respondent then telephoned the other arresting officer and asked if the officer would consider not appearing at the revocation hearing. The respondent also told the second officer that, in exchange for his non-appearance at the DMV license revocation hearing, the client would plead guilty to the originally charged offense of DUI, rather than the lesser offense of driving while ability impaired (DWAI) that had already been offered by the deputy district attorney in the pending county court criminal proceeding. The officer nevertheless appeared at the revocation hearing and the respondent's client's license was revoked. *Id.*

In *Attorney A.,* we held that the evidence was sufficient to prove a violation of DR 1–102(A)(5):

> There is no legal authority in Colorado, statutory or otherwise, for a police officer to plea bargain alcohol-related traffic offenses in the manner attempted by the respondent here. Even assuming, arguendo, that police officers possess the authority to engage in plea negotiations in certain traffic matters, the General Assembly has foreclosed such plea-bargaining in license revocation proceedings for failure to submit to a chemical test.
>
> Section 42–2–122.1, 17 C.R.S. (1984 & 1987 Supp.), in effect at the time of the respondent's client's arrest and refusal, governed the revocation of driver's licenses based on administrative determinations. That statute did not grant to police officers the authority to absent themselves from

ord supporting the petitioner's position. The petition must be accompanied by a full transcript of the hearing before the hearing board, prepared at the petitioner's expense. . . .

 **(c) Plenary Power of the Supreme Court.** *The Supreme Court reserved the authority to*

*review any determination made in the course of a disciplinary proceeding and to enter any order with respect thereto,* including an order directing that further proceedings be conducted as provided by these rules.
(Emphasis added.)

the revocation hearing after they had been sent a notice of hearing, whether or not the notice has the same force and effect of a subpoena....

....

... Given the obvious and mandatory purposes of the license revocation statute, it was unreasonable for the respondent to conclude that he could evade those purposes by asking the police officers not to appear at the hearing under the guise of plea bargaining.

Whether it was intended to be secret or not, the respondent's request was calculated to cause the suppression of relevant evidence at the revocation hearing in a manner not authorized by statute or other law. It was therefore prejudicial to the administration of justice, contrary to DR 1–102(A)(5).

861 P.2d at 707–08 (footnotes omitted).[2] We now must consider the appropriate sanction for such conduct in light of the circumstances present.

### III

■ The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), provide that, in the absence of aggravating or mitigating factors, public censure "is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding." ABA *Standards* 6.23. On the other hand, a private censure is warranted when "a lawyer engages in an isolated instance of negligence in complying with a court order or rule, and causes little or no actual or potential injury to a party, or causes little or no actual or potential interference with a legal proceeding." *Id.* at 6.24.

While the respondent may have been negligent in determining whether police officers had the authority to plea bargain alcohol-related traffic cases, it was his conscious design to "interfere" with the revocation proceeding. His suggestion to the officers that they absent themselves from the revocation hearing was intended to produce a favorable result for his client at the hearing by the suppression of relevant evidence.

Given the respondent's cooperation in these proceedings, despite the delay (which is neither party's fault), *id.* at 9.32(e), (i) (cooperation in disciplinary proceedings is a mitigating factor as is delay in the proceedings); and the respondent's otherwise excellent character and reputation, *id.* at 9.32(g); it may appear to be a close question whether public or private discipline is appropriate.

However, in light of the purpose of our license revocation statute as stated in section 42–2–122.1(1), 17 C.R.S. (1993 & 1995 Supp.),[3] and the fact that the only issue in the license revocation hearing was whether a person "refused to submit to the analysis [of his blood, breath, saliva, or urine] as required by section 42–4–1202(3)," we conclude that respondent's efforts to affect mandatory administrative actions in revocations proceedings, i.e., asking police officers not to attend for the purpose of suppressing relevant evidence, is a matter of serious concern.

---

**2.** While noting it was "unreasonable for respondent" to ask the police officer not to attend, we referred to *People v. Attorney M. Attorney A.*, 861 P.2d at 708 n. 5. While in *Attorney M* we approved the conditional admission and discipline that Attorney M be privately censured, here respondent's conduct occurred *after* publication of our action disapproving of such conduct. Moreover, we noted in *Attorney M* that "several justices believed that respondent's conduct warranted a more severe sanction." 15 Colo. Law. at 783. The record does not indicate whether Attorney M had prior discipline as an aggravating factor which exists here.

**3.** The General Assembly has determined that purpose is "[t]o provide safety for all persons using the highways of this state by quickly revoking the driver's license of any person who has shown himself to be a safety hazard by driving with an excessive amount of alcohol in his body and any person who has refused to submit to an analysis" of his breath or blood for the purpose of determining the alcoholic content of his blood or breath. § 42–2–122.1(1)(a) (emphasis added). To that end, § 42–2–122.1(1.5)(a)(II), 17 C.R.S. (1993), requires that the department of motor vehicles shall revoke the license of any person who "[r]efused to take or to complete ... any test or tests of his blood, breath, saliva, or urine as required by section 42–4–1201(3)...."

Our primary purpose in determining the level of discipline is "not retribution, but to protect the public...." *People v. Marmon*, 903 P.2d 651, 655 (Colo.1995). "In determining the proper disposition, therefore, *our analysis begins and ends with the disciplinary sanction necessary to protect the public ...* ." *Id.* (emphasis added). It is important to make this disciplinary matter public, not to impugn the integrity of a lawyer, but to make clear that the public policy, as determined by the General Assembly, of protecting persons using our highways by revoking the licenses of drivers who refuse to submit to certain tests must not be subverted by lawyers attempting to represent their clients.

Finally, we note that the respondent has received letters of admonition on two prior occasions for professional misconduct, one dated June 11, 1979, and the other dated December 28, 1983. *See id.* at 9.22(a) (prior discipline is an aggravating factor in assessing appropriate sanction). While the previous misconduct may seem remote today, it was not so remote from the misconduct in this case, which occurred in early 1989. For the reasons above, we find private discipline inappropriate in this case.

## IV

Accordingly, we make the rule absolute and grant the petition for review. We therefore reject the recommendation of the hearing board of a letter of admonition as too lenient under the circumstances of this case, and order that the respondent be and he hereby is publicly censured.