### The PEOPLE of the State of Colorado, Complainant,

v.

### William A. COHAN, Attorney–Respondent.

### No. 96SA61.

Supreme Court of Colorado, En Banc.

March 25, 1996.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

Walter L. Gerash, Denver, for Attorney–Respondent.

**PER CURIAM.**

The respondent and the assistant disciplinary counsel have entered into a stipulation, agreement, and conditional admission of misconduct. C.R.C.P. 241.18. An inquiry panel of the supreme court grievance committee approved the conditional admission, including the recommendation that the respondent be publicly censured. We accept the conditional admission and the inquiry panel's recommendation.

#### I.

The respondent was admitted to the Colorado bar in 1976. The conditional admission in this case states:

a. The respondent was granted *pro hac vice* status in the United States District Court for the Western District of Washington in 1989 for the criminal trial of two defendants charged with violation of tax laws.

b. The respondent thereafter represented the defendants at trial which ended in convictions of both defendants.

c. Thereafter the respondent appealed the convictions on behalf of the defendants (acting with the approval of the United States Court of Appeals, Ninth Circuit, as court-appointed counsel), which appeal was successful and the convictions overturned.

d. The defendants were retried with respondent representing them both. During the retrial, the respondent became embroiled in a series of verbal interactions with the presiding trial judge, the Honorable Jack E. Tanner. As a result, Judge Tanner entered a summary contempt or-

der, ordered the respondent jailed for 24 hours and referred the matter for disciplinary action.

e. The Honorable Judge Rothstein presided over respondent's disciplinary hearing. Following the hearing, Judge Rothstein suspended the respondent's permission to practice in the United States Western District, State of Washington for a period of three years with permission to re-apply after one year. The respondent was permitted to continue to represent the clients for whose case he had been admitted....

f. On February 11, 1994, the United States Court of Appeals for the Ninth Circuit in *United States v. Engstrom*, 16 F.3rd 1006 (9th Cir.1994), reversed the trial judge's contempt citation but upheld Judge Rothstein's disciplinary order....

The respondent has admitted that his conduct, for which he was suspended from the practice of law in the United States District Court for the Western District of Washington, violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), and DR 7–106(C)(6) (a lawyer shall not engage in undignified or discourteous conduct which is degrading to a tribunal when appearing in a professional capacity before that tribunal).

## II.

This proceeding is based on the respondent's misconduct while appearing *pro hac vice* in the United States District Court for the Western District of Washington. In a reciprocal disciplinary proceeding we generally impose the same discipline that was imposed in the other jurisdiction unless certain exceptions exist. *People v. Meyer*, 908 P.2d 123, 124 (Colo.1995). C.R.C.P. 241.17(d) provides in relevant part:

At the conclusion of proceedings brought under this Rule, the hearing panel shall refer the matter to the Supreme Court with the recommendation that the same discipline be imposed by the Supreme Court as was imposed by the foreign jurisdiction unless it is determined by the hearing panel that:

(1) The procedure followed in the foreign jurisdiction did not comport with requirements of due process of law;

(2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the Supreme Court cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;

(3) The imposition by the Supreme Court of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or

(4) The misconduct proved warrants that a substantially different form of discipline be imposed by the Supreme Court.

The respondent and the assistant disciplinary counsel stipulated that exceptions (3) and (4) apply in this case. That is, they agreed that imposition of a three-year suspension in Colorado based on the federal court suspension would result in a grave injustice, and that a public censure would be more appropriate.

The parties have also stipulated that the respondent primarily practices in California. Attached to the conditional admission is an "Order Regarding Stipulation as to Facts and Disposition" in *In the Matter of William A. Cohan*, No. 92–J–18118–ERP, from the California State Bar Court, filed May 31, 1995. The order regarding stipulation and its attachments indicate that the State Bar Court approved the stipulation concerning the same conduct for which the respondent was suspended in federal district court. The State Bar Court recommended to the California Supreme Court the disposition agreed on, which was that the respondent receive a public reproval, take and pass the California Professional Responsibility Examination within one year of the effective date of the reproval, and pay the costs of the disciplinary proceedings.

The assistant disciplinary counsel notes that the respondent was suspended from practicing before a federal district court in which he had appeared *pro hac vice* and in an isolated case. The impact on the respondent's ability to practice was relatively minor. A public censure is appropriate because a suspension for three years would have the effect of prohibiting the respondent from

practicing law altogether in Colorado for that period of time and therefore, as the parties stipulated, "would have harsher results and work an injustice."

In *In re Robertson*, 608 A.2d 756 (D.C.App. 1992), the District of Columbia Court of Appeals concluded that a public censure in the District of Columbia was the appropriate sanction in a reciprocal discipline case, even though the lawyer-respondent had been suspended from the practice of law before the Fourth Circuit Court of Appeals for twelve months and fined $1,000. The parties had argued, as the parties do in this case, that imposition of the same discipline in the District of Columbia would result in grave injustice. *Id.* at 757. The court of appeals agreed:

> We observe that the highest state courts regulate the practice of law in the states which constitute the territorial jurisdiction of the United States Court of Appeals for the Fourth Circuit. Thus, the federal appeals court was limited to suspending respondent from the practice of law before that court only. This differs from an action by a state supreme court, which would ordinarily impose suspension from the practice of law throughout the state, not just before a particular court. . . .

> Therefore, any "reciprocal" discipline we impose must take into account any difference, in kind or scope, between discipline imposed in the federal jurisdiction and the disciplinary sanctions available in our own "state" jurisdiction.

*Id.* The parties also assert that had the respondent's misconduct occurred in Colorado, a public censure would have been appropriate. In *People v. Janiszewski*, 901 P.2d 476 (Colo.1995), we publicly censured the attorney-respondent for contumacious conduct during trial consisting of the violation of a specific court order pertaining to the inadmissibility of evidence. We noted that, "[g]iven the findings of the trial court [regarding the respondent's contumacious conduct], at least a short period of suspension would therefore be appropriate." *Id.* at 477. Nevertheless, we accepted the inquiry panel's recommendation that the respondent in *Janiszewski* receive a public censure because

the respondent had not been previously disciplined in ten years of practice, and the assistant disciplinary counsel had represented that the respondent's conduct in the instant case "'appears to be an aberration of his normal course of conduct.'" *Id.*

The assistant disciplinary counsel has stipulated that the following mitigating factors are present: the absence of a dishonest or selfish motive, ABA *Standards for Imposing Lawyer Sanctions* 9.32(b) (1991 & Supp. 1992); full and free disclosure to the disciplinary board or cooperative attitude toward the proceedings, *id.* at 9.32(e); good character or reputation, *id.* at 9.32(g); the imposition of other penalties or sanctions, *id.* at 9.32(k); and the remoteness of prior offenses, *id.* at 9.32(m). The respondent was issued a letter of admonition for dissimilar misconduct in 1986, which is an aggravating factor. *Id.* at 9.22(a).

After considering the seriousness of the misconduct, together with the "kind or scope" of the sanction imposed by the federal district court, and weighing the factors in mitigation and aggravation, we have decided to accept the conditional admission and the inquiry panel's recommendation. Some members of the court, however, would have rejected the conditional admission because the recommended discipline is too lenient, and would have sent the matter back to the grievance committee for further proceedings.

### III.

Accordingly, William A. Cohan is hereby publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $51.36 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.