The PEOPLE of the State of
Colorado, Complainant,

v.

Raul N. RODRIGUEZ, Attorney–
Respondent.

No. 97SA110.

Supreme Court of Colorado,
En Banc.

May 19, 1997.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

Michael D. Gross, Colorado Springs, for Attorney–Respondent.

PER CURIAM.

In this lawyer discipline case, the assistant disciplinary counsel and the respondent executed a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. An inquiry panel of the supreme court grievance committee approved the conditional admission including the recommendation that the respondent be publicly censured. We accept the conditional admission and the panel's recommendation.

## I.

■ The respondent was licensed to practice law in this state in 1971. As part of the conditional admission, the assistant disciplinary counsel requested that one of the disciplinary complaints filed against the respondent be dismissed due to the unavailability of crucial evidence. The remaining matter arises from a reciprocal disciplinary proceeding pursuant to C.R.C.P. 241.17.

The conditional admission provides that on February 10, 1995, the respondent was suspended from the practice of law in the United States District Court for the District of Colorado for six months. The respondent stipulates that his conduct violated DR 6–101(A)(1) (handling a legal matter which the lawyer knows or should know the lawyer is not competent to handle); DR 6–101(A)(2) (handling a legal matter without adequate preparation); DR 7–102(A)(2) (knowingly advancing a claim or defense that is unwarranted under existing law); and DR 7–102(A)(5) (knowingly making a false statement of law or fact).

■ In a reciprocal disciplinary proceeding we usually impose the same discipline that was imposed in the other jurisdiction unless one of four exceptions exist. *See People v. Meyer,* 908 P.2d 123, 124 (Colo.1995). C.R.C.P. 241.17(d) provides in relevant part:

At the conclusion of proceedings brought under this Rule, the hearing panel shall refer the matter to the Supreme Court with the recommendation that the same discipline be imposed by the Supreme Court as was imposed by the foreign juris-

diction unless it is determined by the hearing panel that:

(1) The procedure followed in the foreign jurisdiction did not comport with requirements of due process of law;

(2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the Supreme Court cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;

(3) The imposition by the Supreme Court of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or

(4) The misconduct proved warrants that a substantially different form of discipline be imposed by the Supreme Court.

The respondent and the assistant disciplinary counsel stipulated that none of these four exceptions exist in this case. *Cf. People v. Cohan,* 913 P.2d 523, 524–25 (Colo.1996) (parties stipulating in a reciprocal discipline case that a three-year suspension in Colorado based on a federal court suspension would result in a grave injustice, and that a public censure would be more appropriate). Nevertheless, the assistant disciplinary counsel represents that a six-month suspension in Colorado is unnecessary and that a public censure is sufficient.

We suspended the respondent for ninety days in 1995 and ordered that he undergo reinstatement proceedings pursuant to C.R.C.P. 241.22(b)–(d). *See People v. Rodriguez,* 889 P.2d 681, 684 (Colo.1995). He has not been reinstated from this 1995 suspension. It has been over two years since the respondent's ninety-day state suspension and six-month federal suspension began. The parties indicate that the respondent has chosen not to seek reinstatement in the federal district court pending the outcome of these proceedings. We agree that no good purpose would be served by extending the respondent's suspension in this state by six months. The respondent must still undergo reinstatement proceedings and demonstrate by clear and convincing evidence that he is again fit to practice law. *See* C.R.C.P. 241.22(b)–(d); *Rodriguez,* 889 P.2d at 684. Accordingly, we accept the conditional admission and the inquiry panel's recommendation.

## II.

It is hereby ordered that Raul N. Rodriguez be publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $52.28 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 17th Street, Suite 920–S, Denver, Colorado 80202.

SCOTT and HOBBS, JJ., do not participate.