**The PEOPLE of the State of Colorado, Complainant,**

v.

**Bruce Carpenter CAREY, Attorney– Respondent.**

**No. 97SA147.**

Supreme Court of Colorado, En Banc.

June 9, 1997.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Deputy Disciplinary Counsel, Denver, for Complainant.

Larry S. Pozner, Denver, for Attorney–Respondent.

## PER CURIAM.

The respondent and the complainant executed a stipulation, agreement, and conditional admission of misconduct pursuant to C.R.C.P. 241.18. The conditional admission recommended that the respondent receive a private or public censure. In approving the conditional admission, an inquiry panel of the supreme court grievance committee recommended that the respondent be publicly censured. We accept the conditional admission and the panel's recommendation.

### I.

The respondent was admitted to practice law in Colorado in 1989. The conditional admission states that the respondent represented an individual who had been arrested in May 1992 for driving under the influence of alcohol (DUI). The respondent contacted the arresting officer on July 13, 1992, and told him that he would appreciate it if the officer did not appear at his client's license revocation hearing. The officer said he would think about it, and then reported the incident to the district attorney. The officer appeared at the license revocation hearing of respondent's client.

In a second matter, the respondent represented a client who had been arrested for DUI and for assaulting a Leadville police officer, John Wederquist, in April 1993. The respondent contacted the Leadville Assistant Police Chief on June 1, 1993, and asked him to determine if Officer Wederquist would be satisfied if respondent's client made a particular plea agreement.

The respondent submits that this discussion was part of a larger plea negotiation in which the respondent wanted to meet with the police chief and the assistant police chief, Wederquist, and a deputy district attorney, to dispose of both the DUI and the Department of Motor Vehicle (DMV) hearing. The respondent spoke with the assistant chief concerning Wederquist not appearing at the revocation hearing in return for his client pleading guilty to a charge to be determined through plea negotiations. On September 3, 1993, the assistant chief advised the respondent that the deputy district attorney would not accept the respondent's client's offer and a criminal investigation ensued which resulted in the respondent pleading guilty to one count of first degree official misconduct, in violation of section 18–8–104, 8B C.R.S. (1986), a misdemeanor, on March 19, 1996.

The respondent has admitted that his conduct, which occurred before and after the effective date of the Rules of Professional Conduct, January 1, 1993, violated DR 1–102(A)(5) and Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice); Colo. RPC 8.4(h) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law); and C.R.C.P. 241.6(5) (violating the criminal laws of a state or of the United States).

### II.

When it approved the conditional admission, the inquiry panel recommended that the respondent be publicly censured. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), provide that, in the absence of aggravating or mitigating factors, public censure "is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding." ABA *Standards* 6.23. On the other hand, a

private censure is warranted when "a lawyer engages in an isolated instance of negligence in complying with a court order or rule, and causes little or no actual or potential injury to a party, or causes little or no actual or potential interference with a legal proceeding." *Id.* at 6.24.

This case does not involve a single isolated incident, however. On two separate occasions, the respondent requested the arresting officers in DUI cases not to appear at his clients' DMV hearing. In *People v. Attorney A.*, 861 P.2d 705, 707 (Colo.1993), we stated:

> There is no legal authority in Colorado, statutory or otherwise, for a police officer to plea bargain alcohol-related traffic offenses in the manner attempted by the respondent here. Even assuming, arguendo, that police officers possess the authority to engage in plea negotiations in certain traffic matters, the General Assembly has foreclosed such plea-bargaining in license revocation proceeding for failure to submit to a chemical test.
>
> . . . .
>
> Whether it was intended to be secret or not, the respondent's request [that the arresting officer not attend the license revocation hearing] was calculated to cause the suppression of relevant evidence at the revocation hearing in a manner not authorized by statute or other law. It was therefore prejudicial to the administration of justice, contrary to DR 1–102(A)(5).

*Attorney A.* was released on October 18, 1993, following the respondent's actions in this case. We noted in *Attorney A.*, however, that the misconduct occurred after the publication of the

> summary of *People v. Attorney M.* contained in *1985 Annual Report of the Colorado Supreme Court Grievance Committee*, 15 Colorado Lawyer 767, 783 (May 1986). Attorney M. was privately censured for contacting the police officer who had arrested the respondent's client for DWAI, and suggesting that the officer either not appear for the implied consent driver's license revocation hearing or testify at the hearing that he had not read the implied consent advisement to the client. The court approved Attorney M.'s condi-

tional admission that the conduct violated DR 1–102(A)(5) and (6) (conduct that adversely reflects on the lawyer's fitness to practice law).

*Attorney A.*, 861 P.2d at 708 n. 5. The respondent lawyer in *Attorney A.* was publicly censured in 1996 for the conduct detailed in *Attorney A. See People v. Wollrab,* 909 P.2d 1093, 1094 (Colo.1996). The respondent in this case is therefore in essentially the same position as was the lawyer in *Attorney A.* and *Wollrab.* In analyzing the appropriate discipline in the latter case, we said:

> Our primary purpose in determining the level of discipline is "not retribution, but to protect the public. . . ." *People v. Marmon,* 903 P.2d 651, 655 (Colo.1995). "In determining the proper disposition, therefore, *our analysis begins and ends with the disciplinary sanction necessary to protect the public . . . .*" *Id.* (emphasis added). It is important to make this disciplinary matter public, not to impugn the integrity of a lawyer, but to make clear that the public policy, as determined by the General Assembly, of protecting persons using our highways by revoking the licenses of drivers who refuse to submit to certain tests must not be subverted by lawyers attempting to represent their clients.

*Wollrab,* 909 P.2d at 1096. In mitigation, we note that the respondent has no prior discipline, *see* ABA *Standards* 9.32(a) (absence of prior discipline is a mitigating factor); he has cooperated with the Office of Disciplinary Counsel, *see id.* at 9.32(e); other sanctions in the form of a criminal conviction are present, *see id.* at 9.32(k); and the respondent has expressed remorse for his conduct, *see id.* at 9.32(*l* ).

Weighing the seriousness of the misconduct, including the fact that it occurred on more than one occasion, *see id.* at 9.32(c) (a pattern of misconduct is an aggravating factor), against the mitigating circumstances, we conclude that public discipline is warranted. Accordingly, we accept the conditional admission and the inquiry panel's recommendation.

## III.

The respondent, Bruce Carpenter Carey, is hereby publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $47.75 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.