The PEOPLE of the State of Colorado, Complainant,

v.

Stephany A. MEYER, Attorney–Respondent.

No. 95SA349.

Supreme Court of Colorado, En Banc.

Dec. 11, 1995.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Stephany A. Meyer, Pro Se.

PER CURIAM.

This lawyer discipline proceeding is brought pursuant to C.R.C.P. 241.17(d) (discipline imposed by a foreign jurisdiction). The respondent and the assistant disciplinary counsel entered into a stipulation, agreement, and conditional admission of misconduct. C.R.C.P. 241.18. The conditional admission recommended the imposition of a private or public censure. An inquiry panel of the Supreme Court Grievance Committee approved

the stipulation, with the recommendation that the respondent receive a private censure. We accept the stipulation but conclude that a public censure is appropriate.

I

The respondent was licensed to practice law in Colorado in 1992. The respondent is also licensed to practice law in Wyoming, and the misconduct forming the basis of this reciprocal discipline occurred in Wyoming.

The parties stipulated that on December 7, 1993, the respondent wrote a letter on her Wyoming law firm's letterhead to a woman she knew to be represented by Wyoming counsel. The letter demanded that the woman return certain personal property to the woman's former boyfriend, Hans Brock. The letter stated that a potential civil action (which would occur if the property were not returned) might negatively affect the woman's pending application for admission to the Minnesota bar. The letter was written on behalf of Hans Brock, who was the respondent's fiancé.

On June 30, 1995, the respondent received an order of public censure from the Wyoming Supreme Court for violating Wyoming Rule of Professional Conduct 4.2 (which is identical to R.P.C. 4.2)[1] for the foregoing misconduct.

II

In a reciprocal discipline proceeding under C.R.C.P. 241.17(d) such as this one, we generally impose the same discipline that was imposed in the other state unless a specified exception applies. *People v. Mattox*, 862 P.2d 276, 277 (Colo.1993); C.R.C.P. 241.17(d)(1)–(4).[2] There is nothing in the

---

1. R.P.C. 4.2 provides:

   In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

2. C.R.C.P. 241.17(d) provides in relevant part:

   At the conclusion of proceedings brought under this Rule, the hearing panel shall refer the matter to the Supreme Court with the

recommendation that the same discipline be imposed by the Supreme Court as was imposed by the foreign jurisdiction unless it is determined by the hearing panel that:

(1) The procedure followed in the foreign jurisdiction did not comport with requirements of due process of law;

(2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the Supreme Court cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;

record establishing that any of the exceptions exist, nor do we see any reason to impose different discipline. Accordingly, we accept the conditional admission, and we impose a public censure as did the Wyoming Supreme Court.[3]

## III

It is hereby ordered that Stephany A. Meyer be publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $49.98 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202.

(3) The imposition by the Supreme Court of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or

(4) The misconduct proved warrants that a substantially different form of discipline be imposed by the Supreme Court.

**3.** We note that the Wyoming order of public censure provides that the respondent "shall have no other adjudicated instances of misconduct in any jurisdiction for a two-year probationary period...." Our rules do not provide for a form of discipline or particular sanctions for violation of The Rules of Conduct during a probationary period. *See* C.R.C.P. 241.7; *People v. Nash,* 873 P.2d 764, 765 (Colo.1994).