The **PEOPLE** of the State of Colorado, Complainant,

v.

**Rita Marie FARRY, Attorney–Respondent.**

No. 95SA371.

Supreme Court of Colorado, En Banc.

Jan. 16, 1996.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

Kim B. Childs, Denver, for Attorney–Respondent.

PER CURIAM

The respondent and the assistant disciplinary counsel have entered into a stipulation, agreement, and conditional admission of misconduct. C.R.C.P. 241.18. An inquiry panel of the supreme court grievance committee approved the conditional admission, including the recommendation that the respondent be publicly censured. We accept the conditional admission and the inquiry panel's recommendation.

I.

The respondent was admitted to the Colorado bar in 1991. The conditional admission in this case details the highly complex facts that have given rise to this proceeding. We summarize only the most salient of those facts.

Beginning in October of 1991 and continuing through the latter part of 1992, the respondent represented a debtor corporation in a bankruptcy proceeding. The respondent accepted and continued this relationship while also representing the chief executive officer of the debtor's parent corporation through an employment arrangement with a Florida law firm that was a major creditor of the debtor. The respondent failed to adequately advise the president of the debtor of the potential for conflicts of interest.

While acting as counsel for the debtor, the respondent failed to make a timely filing of the application to employ her as counsel pursuant to 11 U.S.C. § 327 (1994) and of the statement of compensation required by 11 U.S.C. § 329 (1994). Subsequently, based on the respondent's actual or potential conflicts of interest, the bankruptcy court disqualified her from representing the debtor in the bankruptcy proceeding. Despite her disqualification, the respondent continued to act as debtor's counsel by filing a notice of appeal and various motions relating to the bankruptcy case. However, the respondent failed to file a designation of record of the appeal or to notify the district court that the appeal would not be pursued. The respondent further failed to respond to an order to show cause issued by the district court. The proceeding was ultimately converted to a Chapter 7 case pursuant to 11 U.S.C. § 1112(b) (1994), and the respondent was the subject of a motion for sanctions filed by a creditor in the proceeding. The respondent resolved the issue of sanctions by making a settlement payment to the creditor.

During the latter portion of the respondent's representation of the debtor, the respondent also served as a director and as general counsel for the debtor's former parent corporation and the debtor's new parent corporation. Furthermore, during this representation, a wholly owned subsidiary of the debtor's new parent had filed an involuntary bankruptcy petition in Florida concerning the debtor.

The respondent has admitted that the foregoing conduct violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); DR 5–101(A) (except with the consent of a lawyer's client after full disclosure, a lawyer shall not accept employment if the exercise of the lawyer's professional judgment on behalf of the client will be or reasonably may be affected by the lawyer's own financial, business, property, or personal interests); DR 5–105(A) (a lawyer shall decline proffered employment if the exercise of the lawyer's independent professional judgment in behalf of a client will be or is likely to be affected by the acceptance of the proffered employment, or which would be likely to involve the lawyer in representing differing interests, unless it is obvious the lawyer can represent the interests of each client, and each client consents after full disclosure); and DR 7–106(A) (a lawyer shall not disregard a ruling of a tribunal).

II.

In approving the stipulation, the inquiry panel recommended that the respondent receive a public censure. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ) provides that, in the absence of aggravating or mitigating factors, "[s]uspension is generally appropriate when a lawyer knows of a conflict of

interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client." *ABA Standards* 4.32. On the other hand, public censure is warranted if the lawyer is at most "negligent in determining whether the representation of a client may be materially affected by the lawyer's own interests, or whether the representation will adversely affect another client, and causes injury or potential injury to a client." *Id.* at 4.33.

In recommending a public censure, the assistant disciplinary counsel stipulated that the respondent's conduct was negligent rather than intentional, and that the respondent continually urged the debtor to obtain new counsel after she was disqualified, but her requests were ignored and no new counsel was ever hired. *See People v. Odom*, 829 P.2d 855, 857–58 (Colo.1992) (lawyer publicly censured where his representation of multiple clients presenting conflicts of interest was done negligently rather than knowingly).

Aggravating factors include the existence of a pattern of misconduct, ABA *Standards* 9.22(c); and multiple offenses, *id.* at 9.22(d).[1] In mitigation, the assistant disciplinary counsel states that the respondent did not have a dishonest or selfish motive at the time of the misconduct, *id* at 9.32(b); she made full and free disclosure during the disciplinary proceedings, *id.* at 9.32(e); other sanctions were imposed on the respondent in the bankruptcy proceeding, *id.* at 9.32(k); and the respondent has demonstrated remorse, *id.* at 9.32(*l*).

Considering the misconduct in conjunction with the factors in mitigation, the respondent's mental state, and the lack of actual harm to any client, we have decided to accept the conditional admission and the inquiry panel's recommendation.

### III.

It is hereby ordered that Rita Marie Farry be publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $49.25 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

---

While these proceedings were pending, the respondent received a public reprimand from the Board of Bar Overseers of the Supreme Judicial Court of the Commonwealth of Massachusetts, where she is also licensed to practice law. The assistant disciplinary counsel indicates that the Massachusetts proceeding is currently being handled as a reciprocal discipline matter and should not affect the level of discipline in this case.