## In re Robert F. BATES, Esq.

[675 A.2d 1335]

No. 95-548

March 20, 1996. Pursuant to the recommendation of the Professional Conduct Board filed October 24, 1995, and approval thereof, it is hereby ordered that Robert F. Bates, Esq., is suspended from the practice of law for six months for the reasons set forth in the Board's Notice of Decision attached hereto for publication as part of the order of this Court. A.O. 9, Rule 8E. The six-month period shall begin on the date of this order.

Furthermore, reinstatement shall be conditioned on reimbursement of damages incurred by complainant Eve Sisson as a result of Attorney Bates' misconduct.

## NOTICE OF DECISION

Respondent here has abandoned his client and left Vermont. He has refused to respond to the Petition of Misconduct filed against him. We deem the unanswered allegations admitted and find him *in violation of DR 1-102(A)(5), DR 6-102(A)(3) and Rule 6D of Administrative Order 9.*

## FACTS

In early 1991, respondent began representing Ms. Eve Sisson in the enforcement of a Connecticut judgment against a Peter Sklat. Specifically, the respondent was to have a lien placed on Vermont property owned by Mr. Sklat. Respondent contacted Ms. Sisson's attorney in Connecticut, Mr. Robert Weinstein, Esq., in May of 1991 to verify judgment in the

Connecticut matter. In July 1991, Connecticut counsel verified to respondent that judgment had been accomplished. On October 1, 1991, respondent forwarded an affidavit to Ms. Sisson which she promptly signed and returned to him.

In October of 1991, Ms. Sisson attempted to contact respondent to no avail. On September 11, 1992, Mr. Weinstein inquired of respondent about the property as Mr. Weinstein had information that the IRS had seized and sold the property in question. On November 12, 1992, Ms. Sisson telephoned respondent. She requested that information on the seizure be sent to her as soon as possible. Respondent said that he would return her call immediately after he obtained information. Respondent did not return her call.

On May 10, 1994, Ms. Sisson sent a complaint against respondent to the Professional Conduct Board. On May 26, 1994, bar counsel sent respondent a copy of the complaint and requested a written response. Respondent failed to answer.

On no less than five occasions over the next seven months, bar counsel wrote to respondent, requesting an answer to Ms. Sisson's allegations. Sometime in February of 1995, respondent changed his address to Virginia. He continued to accept letters from bar counsel but never responded to Ms. Sisson's complaint.

Bar counsel obtained a finding of probable cause and filed a Petition of Misconduct in May. It was duly served on respondent by certified mail with return receipt requested. Respondent personally signed the return receipt on May 10, 1995.

Respondent never filed an answer to the petition which we deemed admitted by default in accordance with Administrative Order 9, Rule 6D. We notified respondent that we would hear him at our meeting of September 1, 1995 regarding sanctions. Respondent failed to appear or otherwise acknowledge these proceedings. Bar counsel appeared and asked for a year suspension.

## SANCTIONS

We recommend to the Supreme Court that respondent be suspended for at least six months. Since respondent cannot be readmitted in such circumstances unless and until he proves that he is now fit and qualified to practice law, we are satisfied that this term adequately protects the public.

In addition, we recommend that as a condition of his reinstatement, respondent be required to reimburse Ms. Sisson for the damages incurred as a result of his failure to protect her interests in the seized property.