**The PEOPLE of the State of Colorado, Complainant,**

v.

**David Hepburn FRITZE, Attorney–Respondent.**

**No. 96SA338.**

Supreme Court of Colorado, En Banc.

Nov. 4, 1996.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

David Hepburn Fritze, Crescent Springs, KY, Pro Se.

**PER CURIAM.**

An inquiry panel of the supreme court grievance committee approved a stipulation, agreement, and conditional admission of misconduct between the respondent and the assistant disciplinary counsel. C.R.C.P. 241.18. The conditional admission and the inquiry panel recommended the imposition of a public censure. We accept the conditional admission and the inquiry panel's recommendation.

### I.

The respondent was admitted to practice law in Colorado in 1993. The conditional admission states that John and Marilyn Orth contracted with Tony Gumma d/b/a TK Builders, for the construction of a home and an office in Greeley, Colorado. Gumma subcontracted the plumbing work on the project to Jack Richter for about $10,000. Gumma had subcontracted plumbing work to Richter on various other projects.

The Orths would testify that they thought that they had paid Gumma the full amount

due for the plumbing work. According to the respondent, Gumma stated that he applied these sums to a different line item, and the plumbing work was not paid for. Gumma hired the respondent to represent him when a dispute arose between Gumma as the prime contractor, and Richter as subcontractor.

On about November 17, 1993, the respondent wrote to Richter's lawyer in response to the latter's demand for payment. The respondent's letter stated that he represented Gumma and it alleged numerous problems with Richter's work on eight different jobs. In any event, Richter's lawyer filed a mechanics' lien against the Orths' property on November 23, 1993.

In January 1994, another plumber installed all fixtures at the Orths' property. The Orths claim they paid that plumber's bill in an amount in excess of $5,000.

Richter's lawyer filed a complaint in February 1994 against Gumma, Gumma's firm, the Orths, and others. The complaint asked for recovery under *quantum meruit*, and for foreclosure of the mechanics' lien on the Orth property. A *lis pendens* was also filed and recorded against the Orth property. Mr. Orth was served with the complaint on February 10, 1994. He called Gumma's wife who told him that the complaint was a formality and need not concern him.

On February 28, 1994, the respondent filed an answer to the complaint asserting affirmative defenses as well as counterclaims against Richter. The answer and counterclaims were filed on behalf of all of the named defendants, including the Orths.[1] According to the Orths, however, the respondent never discussed the answer and counterclaim with them before it was filed. They would testify that they never agreed for the respondent to represent them in the matter, that his filing of the pleadings on their behalf was unautho-

rized and improper, and stated claims that they did not have against Richter. The respondent would testify that he did discuss the case and the matter of his representation with the Orths.[2]

When the Orths attempted to obtain permanent financing for their property in July 1994, they were told that the mechanics' lien and *lis pendens* would have to be removed first. Mrs. Orth tried to contact the respondent by telephone but he did not return her calls. The respondent insists that he did not receive telephone calls from the Orths.

About August 4, 1994, the respondent filed a motion to withdraw from representing the Orths, stating that a conflict had arisen between the Orths and his other clients, and that the Orths wanted another lawyer to represent them or wanted to represent themselves. In a response filed on August 20, 1994, the Orths asserted that they had not retained the respondent, and had never talked to him or even met him. The court granted the respondent's motion to withdraw on or about August 26, 1994. No one became aware of this order until the end of October 1994 because copies were not sent to anyone.

The respondent admits that he had a conflict of interest in representing the Orths while also representing Gumma, the general contractor. He also concedes that he had a conflict in representing Mr. and Mrs. Erbes in addition to the Orths and Gumma. Finally, the respondent had a conflict in representing the bank which had loaned money to the Orths and had a deed of trust on the Orth property because the bank's main interest would be to protect its security, the property, while Gumma may not have been so motivated. The foregoing conduct violated R.P.C. 1.7(b) (a lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third per-

---

1. The respondent also represented Mr. and Mrs. Erbes in their dispute with Richter. They had contracted with Gumma, the same general contractor as the Orths had, and were also named defendants in the Richter case. In addition to representing Gumma and his firm, the respondent also entered an appearance on behalf of the bank which had loaned money to the Orths and had a deed of trust on the Orth property.

2. The assistant disciplinary counsel stipulates that the evidence is conflicting, and that it does not rise to the level of the clear and convincing evidence necessary to establish that the respondent failed to talk to the Orths or get their permission to file the answer and counterclaim on their behalf.

son, or by the lawyer's own interests); R.P.C. 8.4(d) (engage in conduct that is prejudicial to the administration of justice); and R.P.C. 8.4(h) (engage in conduct that adversely reflects on the lawyer's fitness to practice law).

## II.

The inquiry panel approved the conditional admission and recommended that the respondent be publicly censured. The assistant disciplinary counsel indicates that it was the respondent's neglect and inexperience that caused him to enter into the various attorney-client relationships which placed him in the position of representing conflicting interests. Essentially, the respondent exercised very bad judgment in believing that he could represent all of the defendants appropriately. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that, in the absence of aggravating or mitigating factors, public censure is warranted if the lawyer is at most "negligent in determining whether the representation of a client may be materially affected by the lawyer's own interests, or whether the representation will adversely affect another client, and causes injury or potential injury to a client." *Id.* at 4.33; *see People v. Farry*, 909 P.2d 1096, 1098 (Colo.1996) (lawyer publicly censured when conflicting representations were entered into negligently rather than intentionally); *People v. Odom*, 829 P.2d 855, 857–58 (Colo.1992) (same).

In mitigation, the assistant disciplinary counsel states that the respondent has no prior record of discipline, ABA *Standards* 9.32(a); he did not have a dishonest or selfish motive, *id.* at 9.32(b); the respondent made full and free disclosure in these proceedings, *id.* at 9.32(e); he was inexperienced in the practice of law at the time of the misconduct, *id.* at 9.32(f); and he has expressed remorse, *id.* at 9.32(*l*). Balancing the seriousness of the misconduct with the factors in mitigation, and taking into account the respondent's mental state when he entered into the conflicts in representation, we conclude that a public censure is appropriate, and we therefore accept the conditional admission and the inquiry panel's recommendation.

## III.

Accordingly, David Hepburn Fritze is hereby publicly censured. The respondent is ordered to pay the costs of this proceeding in the amount of $48.95 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 17th Street, Suite 920–S, Denver, Colorado 80202.

