**The PEOPLE of the State of Colorado, Complainant,**

v.

**Larry L. McCRAY, Attorney–Respondent.**

No. 96SA348.

Supreme Court of Colorado,
En Banc.

Nov. 12, 1996.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Randall D. Jorgensen, Pueblo, for Attorney–Respondent.

PER CURIAM.

The respondent in this lawyer discipline case and the assistant disciplinary counsel executed a stipulation, agreement, and conditional admission of misconduct. C.R.C.P. 241.18. In the conditional admission, the respondent admitted that he engaged in inappropriate communication with an opposing party the respondent knew to be represented by counsel. An inquiry panel of the supreme court grievance committee approved the conditional admission and recommended that the respondent be publicly censured. We accept the conditional admission and the inquiry panel's recommendation.

I

The respondent was admitted to practice law in Colorado in 1973. The conditional admission states that the respondent represented a client in three cases pending in Pueblo County Court. Two involved criminal charges against the respondent's client who was charged with violating a temporary restraining order. The third case was a civil action in which the client's wife sought a restraining order against the client. The client's wife was represented by counsel.

A hearing on a permanent restraining order was scheduled for April 24, 1995. Shortly thereafter, the respondent's client and his wife began to discuss a reconciliation. The respondent prepared a motion to dismiss the civil case for the wife to sign. The motion asserted that the respondent's client had never been physically abusive or threatening to his wife; that he had not harassed, attacked, beaten or molested her; and that she did not want a restraining order against him. These allegations directly contradicted the wife's prior pleadings and testimony. The respondent also prepared a similar motion to dismiss the criminal charges.

Through his client, the respondent arranged for the wife to come to his office to

execute the motions to dismiss. The respondent did not, however, provide copies of the motions to the wife's lawyer, and did not tell her lawyer that he intended to have the wife come to the respondent's office to sign the motions. On March 17, 1995, the wife went to the respondent's office. She met with the respondent's secretary rather than the respondent, but after minor changes were made to the motions, the wife signed them. She was not advised that she should contact her own lawyer before signing the motions, nor was she asked if she would like to discuss the motions with her lawyer before signing.

A short time later, her lawyer learned of the motions to dismiss for the first time, and that his client did not fully understand the ramifications of the motions. Her lawyer then prepared a new motion to dismiss the civil case. The new motion recited the manner in which the previous motion had been prepared and executed, and attempted to retract the factual allegations contained in the previous motion. This motion sought dismissal of the matter without prejudice. On April 21, 1995, the court ordered that the civil case be dismissed without prejudice.

The respondent has stipulated that the above conduct violated R.P.C. 4.2 (in representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so); and R.P.C. 8.4(d) (conduct prejudicial to the administration of justice).

## II

The inquiry panel approved the conditional admission and recommended that the respondent be publicly censured. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), in the absence of aggravating or mitigating factors, a public censure "is generally appropriate when a lawyer is negligent in determining whether it is proper to engage in communication with an individual in the legal system, and causes injury or potential injury to a party or interference or potential interference with the outcome of the

legal proceeding." ABA *Standards* 6.33; *see also People v. Meyer,* 908 P.2d 123, 124 (Colo.1995) (in reciprocal discipline case, public censure was appropriate for lawyer who contacted opposing party the lawyer knew was represented by counsel).

We note that the respondent has previously received three letters of admonition for unrelated misconduct in 1976, 1979, and 1993. This is an aggravating factor for purposes of determining the appropriate level of discipline. ABA *Standards* 9.22(a). Considering the potential for harm in this case, and the respondent's prior discipline, we agree that a public censure is warranted. We therefore accept the conditional admission and the inquiry panel's recommendation.

## III

Accordingly, Larry L. McCray is hereby publicly censured, and is ordered to pay the costs of this proceeding in the amount of $49.40 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 17th Street, Suite 920–S, Denver, Colorado 80202.