**The PEOPLE of the State of Colorado, Complainant,**

v.

**Rita Marie FARRY, Attorney– Respondent.**

**No. 96SA388.**

Supreme Court of Colorado, En Banc.

Dec. 3, 1996.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

Rita Marie Farry, Cumberland, Maine, pro se.

PER CURIAM.

This reciprocal discipline matter under C.R.C.P. 241.17 comes to us on a stipulation, agreement, and conditional admission of misconduct between the respondent and the assistant disciplinary counsel. C.R.C.P. 241.18. In the conditional admission, the respondent consents to the imposition of a thirty-day suspension from the practice of law. An inquiry panel of the supreme court grievance committee approved the conditional admission. We accept the conditional admission and order that the respondent be suspended for thirty days.

## I.

■ The respondent was admitted to practice law in Colorado in 1991. She received a public reprimand administered on August 31, 1995, by the Board of Bar Overseers of the Supreme Judicial Court for the Commonwealth of Massachusetts, where she is also licensed to practice law. According to the

conditional admission and the public reprimand, which is part of the record in this case, the conduct giving rise to the Massachusetts discipline was as follows.

The respondent represented a party in an adversary bankruptcy proceeding pending in the United States Bankruptcy Court, District of Colorado. On February 8, 1993, the opposing counsel moved to remand the matter to the Massachusetts Superior Court Department, based in part on the assertion that a bankruptcy proceeding in California between the same parties had been dismissed. The respondent filed an opposition to the motion for remand, representing that no written order of dismissal had been entered in the California proceeding which was still pending.

The respondent failed to inform the bankruptcy court in Massachusetts that the California proceeding had in fact been orally dismissed nine days earlier, and that she was present when it· was dismissed. The bankruptcy court awarded sanctions against the respondent in the amount of $7,500, in part because she failed to advise the court regarding a material development in related litigation. The respondent has satisfied that order of sanctions.

The public reprimand that the respondent received in Massachusetts states that the respondent's intentional omission and nondisclosure of the oral order of dismissal was potentially misleading and prejudicial to the proper deliberations of the bankruptcy court, and violated the Massachusetts Disciplinary Rules, DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law); and DR 7–101(A)(3) (a lawyer shall not intentionally prejudice or damage the lawyer's client during the course of the professional relationship). These disciplinary rules are identical to DR 1–102(A)(4)–(6), and DR 7–101(A)(3) of the former Colorado Code of Professional Responsibility. As part of the order of reprimand, the respondent is required to take and pass the Multi–State Professional Responsibility Examination (MPRE). As a condition of reinstatement in Colorado, the respondent has agreed to provide proof that she has taken and passed the MPRE.

The respondent has stipulated that her conduct violated the Colorado Rules of Professional Conduct, in particular, R.P.C. 3.3(a)(2) (failure to disclose a material fact to a tribunal), R.P.C. 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation); R.P.C. 8.4(d) (conduct that is prejudicial to the administration of justice); and R.P.C. 8.4(h) (conduct that adversely reflects on the lawyer's fitness to practice law).

## II.

█ The respondent received a public reprimand in Massachusetts, which is analogous to a public censure in this state. In a reciprocal disciplinary proceeding we usually impose the same discipline that was imposed in the other jurisdiction unless certain exceptions exist. *People v. Meyer,* 908 P.2d 123, 124 (Colo.1995). C.R.C.P. 241.17(d) provides in relevant part:

At the conclusion of proceedings brought under this Rule, the hearing panel shall refer the matter to the Supreme Court with the recommendation that the same discipline be imposed by the Supreme Court as was imposed by the foreign jurisdiction unless it is determined by the hearing panel that:

(1) The procedure followed in the foreign jurisdiction did not comport with requirements of due process of law;

(2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the Supreme Court cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;

(3) The imposition by the Supreme Court of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or

(4) The misconduct proved warrants that a substantially different form of discipline be imposed by the Supreme Court.

The parties agree that none of the above exceptions applies. However, the respondent has agreed that a period of suspension is warranted in this case because of her disciplinary history. She received a public censure in *People v. Farry*, 909 P.2d 1096, 1097 (Colo.1996), for representing a debtor in a bankruptcy proceeding while she was already representing another client through an employment arrangement with a major creditor of the debtor. Her continued representation of the debtor followed the bankruptcy court's disqualification order and also violated the ethical rules governing conflicts of interest. *Id.* We noted in that case that the respondent had

> received a public reprimand from the Board of Bar Overseers of the Supreme Judicial Court of the Commonwealth of Massachusetts, where she is also licensed to practice law. The assistant disciplinary counsel indicates that the Massachusetts proceeding is currently being handled as a reciprocal discipline matter and should not affect the level of discipline in this case.

*Id.* at 1098 n. 1.

The assistant disciplinary counsel stipulated to the following mitigating factors: the respondent has cooperated in the disciplinary process, *id.* at 9.22(e); other penalties or sanctions have been imposed in the form of the bankruptcy court's order of sanctions, *id.* at 9.32(k); and the respondent has expressed remorse for her misconduct, *id.* at 9.32(*l*).

Primarily because of the respondent's previous public censure, where we expressly did not take the Massachusetts discipline into account as an aggravating factor, *see* ABA *Standards* 9.22(a) (previous discipline is an aggravating factor for determining the proper level of discipline), we have concluded that a suspension for thirty days is appropriate. We therefore accept the conditional admission.

### III.

It is hereby ordered that Rita Marie Farry be suspended from the practice of law for thirty days, effective thirty days after the issuance of this opinion. It is further ordered that the respondent provide proof of taking and passing the MPRE, as a condition of, and prior to, reinstatement. It is further ordered that the respondent pay the costs of this proceeding in the amount of $48.76 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600—17th Street, Suite 920–S, Denver, Colorado 80202.