**The PEOPLE of the State of Colorado, Complainant,**

v.

**Robert F. BATES, Attorney–Respondent.**

**No. 96SA391.**

Supreme Court of Colorado, En Banc.

Jan. 13, 1997.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Robert F. Bates, White Post, VA, Pro Se.

PER CURIAM.

This is a reciprocal discipline proceeding under C.R.C.P. 241.17. The Vermont Supreme Court suspended the respondent from the practice of law for six months. Reinstatement was conditioned on the respondent reimbursing damages sustained by one of his clients. A hearing panel of the supreme court grievance committee approved the findings and recommendations of a hearing board. The panel recommended that the respondent be suspended for six months in Colorado. In addition, he must petition for reinstatement and, at that time, establish that he has made the Vermont-ordered restitution. The respondent did not participate in these proceedings. We accept the panel's recommendations.

I

The respondent was admitted to practice law in Colorado in 1972. Since he did not answer the complaint filed by the assistant disciplinary counsel, a default was entered against him. The allegations of fact contained in the complaint are deemed admitted. C.R.C.P. 241.13(b); *People v. Barr,* 855 P.2d 1386, 1386 (Colo.1993). Based on the respondent's default and the evidence presented by the complainant, the board made certain factual findings by clear and convincing evidence. The Vermont Supreme Court's order and findings of the Professional Conduct Board were attached to the findings and recommendations of the Colorado hearing board. For convenience, we will refer to the Vermont published decision which contains the court's order and the report of the Professional Conduct Board. *See In re Bates,* 675 A.2d 1335, 1335 (Vt.1996).

On March 20, 1996, the Supreme Court of Vermont suspended the respondent from the practice of law for six months. *Id.* The respondent was hired in early 1991 by Eve Sisson to enforce a Connecticut judgment against Peter Sklat, by having a lien placed on property Sklat owned in Vermont. *Id.* Her attempts to contact the respondent in October 1991 were fruitless. *Id.* When she inquired about the possibility that the Internal Revenue Service had seized and sold the property in question, the respondent told her that he would return her call immediately after he obtained information. He did not call her back with this information. *Id.*

Sisson sent a complaint against the respondent to the Professional Conduct Board in May of 1994. *Id.* Although the respondent was sent a copy of the complaint, he did not reply. *Id.*

The hearing board found that the conduct for which the respondent was suspended in Vermont violated R.P.C. 1.3 (a lawyer shall not neglect a legal matter entrusted to that lawyer); R.P.C. 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); R.P.C. 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation by not immediately returning his client's call as

he had promised); and R.P.C. 8.4(d) (engaging in conduct that is prejudicial to the administration of justice).

## II

The Supreme Court of Vermont suspended the respondent for six months. *In re Bates,* 675 A.2d at 1335. A lawyer who is suspended for six months or more in Vermont must file a motion for reinstatement. Vt. Admin. Orders & Rules A.O. 9 Rule 20(B). The matter is then referred to a hearing panel, at which hearing

> the respondent-attorney shall have the burden of demonstrating by clear and convincing evidence that he or she has the moral qualifications, competency, and learning required for admission to practice law in the state, and the resumption of the practice of law will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest and that the respondent-attorney has been rehabilitated.

A.O. 9 Rule 20(D). The Vermont reinstatement proceeding is analogous to reinstatement proceedings in Colorado under C.R.C.P. 241.22(b)-(d). The Vermont Supreme Court ordered that "reinstatement shall be conditioned on reimbursement of damages incurred by complainant Eve Sisson as a result of Attorney Bates' misconduct." *In re Bates,* 675 A.2d at 1335.

■ In a reciprocal disciplinary proceeding, we usually impose the same discipline that was imposed in the other jurisdiction, unless exception contained in C.R.C.P. 241.17(d) exists. *People v. Meyer,* 908 P.2d 123, 124 (Colo.1995).

The hearing board determined that none of the C.R.C.P. 241.17(d) exceptions apply, and similar discipline should be imposed in this state. We agree and we accept the hearing panel's recommendations.

## III

It is hereby ordered that Robert F. Bates be suspended from the practice of law for six months, effective thirty days after the issuance of this opinion. It is further ordered that respondent must petition for reinstatement pursuant to C.R.C.P. 241.22(b)-(d) before he may be reinstated. It is further ordered that reinstatement shall be conditioned on reimbursement of the damages incurred by Eve Sisson as a result of respondent's misconduct. Finally, it is ordered that respondent pay the costs of this proceeding in the amount of $47.75 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 17th Street, Suite 920–S, Denver, Colorado 80202.