**The PEOPLE of the State of Colorado, Complainant,**

v.

**Austin Barton CAMPBELL, Attorney–Respondent.**

No. 96SA473.

Supreme Court of Colorado, En Banc.

Feb. 24, 1997.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Deputy Disciplinary Counsel, Denver, for Complainant.

Austin Barton Campbell, Arlington, TX, Pro Se.

PER CURIAM.

This lawyer discipline proceeding comes to us on a stipulation, agreement, and conditional admission of misconduct between the respondent and the deputy disciplinary counsel. C.R.C.P. 241.18. The parties have stipulated that this matter should be treated as if it were a reciprocal discipline proceeding. *See* C.R.C.P. 241.17. An inquiry panel of the supreme court grievance committee approved the conditional admission and the recommendation that the respondent be publicly censured. We accept the conditional admission and publicly censure the respondent.

I

The respondent was admitted to practice law in Colorado in 1993. The deputy disciplinary counsel states that the respondent is also licensed to practice law in Texas and that he restricts his practice to that state. The conditional admission provides as follows.

A client hired the respondent in December 1993 to represent him in a personal injury claim arising from an automobile accident in Texas on December 6, 1993. The client was initially treated in Texas, and the client paid that fee himself. The client moved to Colorado in February 1994 and sought treatment from a Denver chiropractor, Michael Truppo, D.C. Dr. Truppo sent the respondent a standard lien form entitling the chiropractor to be paid out of the proceeds of any recovery by the client. The respondent did not execute the lien form, but sent Dr. Truppo a "letter of protection" promising that the provider's fees would be paid from the proceeds of the case, and if there was no recovery the client would be personally responsible for the bills. Dr. Truppo and his staff treated the client for the next year, and regularly contacted the respondent to see if the case had been settled.

The insurance company for the party responsible for the accident reviewed the client's treatments and bills and concluded that they were "excessive for the injury." Without checking with Dr. Truppo, the respondent advised his client to accept the insurer's offer of $12,000. The client accepted the settlement on March 3, 1995. At that point, Dr. Truppo's unpaid fees totalled $8,400.

In March 1995, the respondent sent Dr. Truppo a check for $4,000 which was marked "paid in full." The chiropractor wrote to the respondent advising him that the respondent was obligated to comply with the agreement he had made to pay him. When the respondent spoke with him in April 1995, however, the respondent told Dr. Truppo that the case had settled for less than he had anticipated and that the chiropractor was going to receive only $4,000.

Further negotiations were unsuccessful, and Dr. Truppo filed a request for investigation with the Office of Disciplinary Counsel against the respondent in Colorado and a complaint with the district grievance committee in Texas.

On July 1, 1995, the respondent as plaintiff filed a petition against Dr. Truppo in Tarrant County, Texas, alleging that the defendant "engaged in fraudulent and deceptive practices by unnecessary and repetitive treatment of . . . a client of plaintiff's and has attempted to coerce plaintiff, by various defamatory actions and threats, to cause plaintiff to pay defendant from [the client's] settlement monies and pay defendant's fraudulent and unreasonable bill." The respondent also asserted that the defendant "engaged in defamatory conduct against plaintiff by contacting and publishing to the State Bar of Texas, defamatory false statements about plaintiff. . . ."

Dr. Truppo's Colorado lawyer informed the respondent that his Texas lawsuit violated the Colorado Rules of Professional Conduct and the Texas Rules of Disciplinary Procedure and was therefore frivolous. The lawyer told the respondent that his lawsuit must be withdrawn or he would hire Texas counsel and pursue civil sanctions and attorney fees from the respondent.

The respondent told Dr. Truppo's lawyer, "I'll dismiss my complaint if he drops his complaint" with the Bar. He also told the lawyer that the next time he is in Denver he would come by and "sock him [Dr. Truppo] in the nose."

Texas lawyers for the chiropractor's insurer negotiated a settlement of the respondent's lawsuit in October 1995 under which the respondent would pay Dr. Truppo $2,000 in return for the latter informing the Texas Bar and the Colorado Office of Disciplinary Counsel that he wanted to withdraw his grievances and would release the respondent from any other claims. The Texas lawsuit was dismissed in November 1995.

The respondent stipulated that the foregoing conduct violated R.P.C. 1.15(b) (a lawyer shall promptly deliver to the client or third person any funds or other property that the

client or third person is entitled to receive); R.P.C. 1.15(c) (a lawyer shall keep separate any property the lawyer is holding in which a dispute arises concerning the respective interests of the lawyer and another person until the dispute is resolved); R.P.C. 3.1 (a lawyer shall not bring a proceeding unless there is a basis for doing so that is not frivolous); R.P.C. 4.4 (a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person); R.P.C. 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and R.P.C. 8.4(h) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law). The respondent's conduct also breached C.R.C.P. 241.6(2) (violating the standards of legal ethics), C.R.C.P. 241.6(6) (violating the rules regarding lawyer discipline), and C.R.C.P. 241.25(e) (all requests for investigation shall be absolutely privileged and no lawsuit may be predicated thereon).

## II

The respondent received a public reprimand in Texas which is analogous to a public censure in this state. The public reprimand stated that:

3) [The respondent] used means calculated to embarrass and burden Dr. Truppo by filing a lawsuit alleging defamation of character when Dr. Truppo filed a grievance against [the respondent].

4) [The respondent] informed Dr. Truppo he would dismiss the civil suit if Dr. Truppo would dismiss the grievance he filed against [the respondent]. This action was committed by [the respondent] solely to prevent participation by Dr. Truppo in the grievance.

5) [The respondent] failed to respond to the allegations presented in a grievance filed by Dr. Truppo. [The respondent] only responded stating the matters were resolved between he [sic] and Dr. Truppo.

*In re Campbell*, No. F0089504191, slip op. at 2 (Grievance Comm. for the State Bar of Texas Dec. 14, 1995) (findings of fact and conclusions of law). In Texas, the respondent's conduct was found to have violated Texas Rules of Disciplinary Procedure Rules 15.10[1] and 15.11.[2] *See In re Campbell*, No. F0089504191, slip op. at 2. Rules 15.10 and 15.11 are analogous to C.R.C.P. 241.25(e). His conduct also violated Rules 4.04(a),[3] 4.04(b)(2),[4] 8.01(b)[5] and 8.04(a)(12)[6] of the Texas Disciplinary Rules of Professional Conduct.

■■■ This proceeding arose from an original request for investigation filed with the Office of Disciplinary Counsel, and not a reciprocal disciplinary matter under C.R.C.P. 241.17. Nevertheless, the deputy disciplinary counsel represents that it is appropriate.

---

1. Texas Rules of Disciplinary Procedure Rule 15.10 provides that "[a]ll communications, written and oral, and all other materials and statements to or from the Commission, Chief Disciplinary Counsel, the Complainant, the Respondent, and others directly involved in the filing, screening, investigation, and disposition of Inquiries and Complaints are absolutely privileged."

2. Texas Rules of Disciplinary Procedure Rule 15.11 provides, in part, that "[c]ommunications to the Chief Disciplinary Counsel or grievance committee relating to attorney misconduct or disability and testimony given at any disciplinary proceeding shall be absolutely privileged and no lawsuit predicated thereon may be instituted against any complainant or witness."

3. Texas Disciplinary Rules of Professional Conduct Rule 4.04(a) provides that "[i]n representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass,

delay, or burden a third person, or use methods of evidence that violate the legal rights of such a person." This rule is equivalent to R.P.C. 4.4.

4. Texas Disciplinary Rules of Professional Conduct Rule 4.04(b)(2) provides that "[a] lawyer shall not present ... civil ... charges against a complainant ∴ in a bar disciplinary proceeding solely to prevent participation by the complainant ... therein."

5. Texas Disciplinary Rules of Professional Conduct Rule 8.01(b) provides that "a lawyer in connection with a ... disciplinary matter, shall not ... knowingly fail to respond to a lawful demand for information from ... [a] disciplinary authority...."

6. Texas Disciplinary Rules of Professional Conduct Rule 8.04(a)(12) provides that "[a] lawyer shall not ... violate any other laws of this state relating to the professional conduct of lawyers and to the practice of law."

to treat it as if it were a reciprocal proceeding because the respondent restricts his practice to Texas and the Texas disciplinary proceeding went forward first because of that fact. Given the circumstances in this case, we agree that analysis under C.R.C.P. 241.17 is appropriate.

■ Therefore, in determining the appropriate discipline, we consider only the conduct for which the respondent was disciplined in Texas: the respondent's lawsuit against Dr. Truppo and the respondent's action in conditioning dismissal of the lawsuit on Dr. Truppo's dismissal of the disciplinary charges. Even though the respondent has admitted to violations of R.P.C. 1.15(b), R.P.C. 1.15(c), and R.P.C. 8.4(c), arising from his failure to pay Dr. Truppo what he owed him, we do not take this into account in the analysis under C.R.C.P. 241.17.

■ In a proceeding under C.R.C.P. 241.17 we generally impose the same discipline that was imposed in the other jurisdiction unless certain exceptions exist. *People v. Meyer,* 908 P.2d 123, 124 (Colo.1995). C.R.C.P. 241.17(d) provides in relevant part:

At the conclusion of proceedings brought under this Rule, the hearing panel shall refer the matter to the Supreme Court with the recommendation that the same discipline be imposed by the Supreme Court as was imposed by the foreign jurisdiction unless it is determined by the hearing panel that:

(1) The procedure followed in the foreign jurisdiction did not comport with requirements of due process of law;

(2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the Supreme Court cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;

(3) The imposition by the Supreme Court of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or

(4) The misconduct proved warrants that a substantially different form of discipline be imposed by the Supreme Court.

In the stipulation, the parties agreed that none of the above exceptions apply. The respondent has not been previously disciplined in this state and we conclude that the misconduct admitted to does not justify a substantially different form of discipline in this state. *See* C.R.C.P. 241.17(d). We have decided to accept the conditional admission and the inquiry panel's recommendation.

### III

Austin Barton Campbell is hereby publicly censured. It is ordered that the respondent pay the costs of this proceeding in the amount of $48.57 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.