**The PEOPLE of the State of Colorado, Complainant,**

v.

**Dennis John SOUSA, Attorney–Respondent.**

**No. 97SA158.**

Supreme Court of Colorado, En Banc.

Aug. 11, 1997.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

No Appearance by Attorney–Respondent.

PER CURIAM.

This is a reciprocal discipline proceeding brought pursuant to C.R.C.P. 241.17. The respondent defaulted before the grievance committee, and he has not appeared in this court. A hearing panel of the supreme court grievance committee approved the findings and recommendation of a hearing board that the respondent be disbarred. We accept the hearing panel's recommendation and disbar the respondent.

## I

The respondent was licensed to practice law in this state in 1970. The respondent was also licensed to practice law in Oregon and Massachusetts.[1] He did not answer the formal complaint filed in this case and an order of default was entered against him. The allegations of fact in the complaint were therefore deemed admitted. *See* C.R.C.P. 241.13(b); *People v. Barr*, 855 P.2d 1386, 1386 (Colo.1993).

This reciprocal discipline matter arose from the opinion of the Supreme Court of Oregon disbarring the respondent on May 2, 1996. *See In re Conduct of Sousa*, 323 Or. 137, 915 P.2d 408 (1996). The respondent's misconduct involved four clients in unrelated matters. *Id.* 915 P.2d at 410. The Supreme Court of Oregon concluded that the respondent "engaged in a continuous pattern of misrepresentation, neglect, failure to act in behalf of his clients, and failure to acknowledge his ethical obligations and respond to the Bar's investigation, thereby causing inju-

ry to his clients. That course of conduct mandates that the [respondent] be disbarred from the practice of law." 915 P.2d at 414.

Based on the respondent's default and evidence presented, the hearing board found that the respondent's conduct, which occurred before and after the effective date of the Rules of Professional Conduct, January 1, 1993, violated the following disciplinary provisions: DR 1–102(A)(4) and Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); Colo. RPC 8.1(a) (knowingly making a false statement of material fact in a disciplinary matter); DR 2–106(A) and Colo. RPC 1.5(a) (collecting a clearly excessive or unreasonable fee); DR 6–101(A)(3) and Colo. RPC 1.3 (neglecting a legal matter); DR 7–101(A)(2) (intentionally failing to carry out a contract of employment); Colo. RPC 1.2(a) (failing to abide by a client's decisions concerning the objectives of representation); DR 7–101(A)(3) (intentionally prejudicing or damaging a client); DR 9–102(A) and Colo. RPC 1.15(a) (failing to preserve the identity of client funds); DR 9–102(B)(3) and Colo. RPC 1.15(a) (failing to maintain complete records of client funds); and DR 9–102(B)(4) (failing to pay or deliver to the client the funds which the client is entitled to receive).

## II

█ The hearing panel approved the board's findings and recommendation that the respondent be disbarred. In a reciprocal disciplinary proceeding, we impose the same discipline that was imposed in the other jurisdiction unless one of four exceptions exist. *See People v. Meyer*, 908 P.2d 123, 124 (Colo. 1995). C.R.C.P. 241.17(d) provides in relevant part:

At the conclusion of proceedings brought under this Rule, the hearing panel shall refer the matter to the Supreme Court with the recommendation that the same discipline be imposed by the Supreme Court as was imposed by the foreign jurisdiction unless it is determined by the hearing panel that:

---

1. In another reciprocal discipline proceeding, the respondent was disbarred in Massachusetts.

*See In re Sousa*, No. BD–96–044 (Mass. Dec. 9, 1996) (Fried, J.) (judgment of disbarment).

(1) The procedure followed in the foreign jurisdiction did not comport with requirements of due process of law;

(2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the Supreme Court cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;

(3) The imposition by the Supreme Court of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or

(4) The misconduct proved warrants that a substantially different form of discipline be imposed by the Supreme Court.

■ The hearing board determined that none of these exceptions exist in this case, and we agree. The respondent's total disregard of these proceedings reinforces this conclusion. Accordingly, we accept the hearing panel's and hearing board's recommendation and order that the respondent be disbarred.

### III

It is hereby ordered that Dennis John Sousa be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective thirty days after this opinion is released. It is further ordered that the respondent pay the costs of this proceeding in the amount of $130.29 within thirty days of the date of this opinion to the Supreme Court Grievance Committee, 600–17th Street, Suite 920–S, Denver, Colorado 80202.