**In the Matter of Stephen J. NANGLE, Attorney-Respondent.**

**No. 98SA435.**

Supreme Court of Colorado, En Banc.

Feb. 16, 1999.

Linda Donnelly, Attorney Regulation Counsel, James S. Sudler, Assistant Regulation Counsel, Denver, Colorado, Attorneys for Complainant.

Stephen J. Nangle, Pro Se, St. Louis, Missouri.

## PER CURIAM.

In this reciprocal discipline case, the respondent, Stephen J. Nangle, executed a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. The conditional admission recommended that Nangle be suspended for one year and one day, and it was approved by an inquiry panel of the grievance committee. We accept the conditional admission and order that the respondent be suspended for a year and a day.

### I.

Stephen J. Nangle was admitted to practice law in Colorado in 1974. He was immediately suspended by this court on June 19, 1998, pending resolution of the present charges. The conditional admission provides that the Supreme Court of Missouri suspended Nangle on August 19, 1997 for one year. *See In re Nangle,* No. 80067 (Mo. Aug. 19, 1997) (order). The court's order followed the findings and recommendation of the Disciplinary Hearing Panel that found that Nangle had commingled client funds with professional, corporate and private funds. The panel concluded that Nangle's conduct amounted to dishonesty in violation of Missouri Supreme Court Rule 4–8.4(c). Rule 4–8.4(c) is identical to Colo. RPC 8.4(c) and provides that it is unethical for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

Nangle has stipulated that the Missouri Supreme Court order establishes grounds for reciprocal discipline in Colorado under C.R.C.P. 241.17. His failure to hold his clients' property separate from his own violated Colo. RPC 1.15(a), 1.15(c), and 8.4(c).

### II.

The inquiry panel approved the conditional admission's recommendation that Nangle be suspended for a year and a day. In a reciprocal discipline case we usually impose the same discipline that was imposed in the other jurisdiction unless one of four exceptions exist. *See People v. Meyer,* 908 P.2d 123, 124 (Colo.1995). C.R.C.P. 241.17(d) provides in part:

At the conclusion of proceedings brought under this Rule, the hearing panel shall refer the matter to the Supreme Court with the recommendation that the same discipline be imposed by the Supreme Court as was imposed by the foreign jurisdiction unless it is determined by the hearing panel that:

(1) The procedure followed in the foreign jurisdiction did not comport with requirements of due process of law;

(2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the Supreme Court cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;

(3) The imposition by the Supreme Court of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or

(4) The misconduct proved warrants that a substantially different form of discipline be imposed by the Supreme Court.

Neither the respondent nor the complainant believes that any of these exceptions apply in this case, and we agree. We have imposed similar discipline in like cases. *See, e.g., People v. Zimmermann,* 922 P.2d 325, 330 (Colo.1996) (recklessly mismanaging and commingling client funds warranted suspension for a year and a day). Accordingly, we accept the conditional admission of misconduct and the inquiry panel's recommendation.

### III.

It is hereby ordered that Stephen J. Nangle be suspended from the practice of law for one year and one day, effective immediately upon the issuance of this opinion. Nangle is further ordered to pay the costs of this proceeding in the amount of $51.00 within thirty days after this opinion is announced to the Attorney Regulation Committee, 600 Seventeenth Street, Suite 200 South, Denver, Colorado 80202–5432. Nangle shall not be rein-

stated until after he has complied with C.R.C.P. 251.29.